Patrick T. Derksen (State Bar I.D. No. 023178)
Theodore P. Witthoft (State Bar I.D. No. 021632)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: pderksen@wdlawpc.com
Email: twitthoft@wdlawpc.com

Attorneys for Chapter 7 Trustee, Jill H. Ford

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JUAN NUNEZ, | Case No. 2:13-bk-16770-EPB |
| Debtor. | Adversary No. 2:15-ap-00696-EPB |
| JILL H. FORD, Chapter 7 Trustee, | |
| Plaintiff, | **TRUSTEE'S COMPLAINT FOR REVOCATION OF DEBTOR'S DISCHARGE, PURSUANT TO 11 U.S.C. § 727(d)(3)** |
| vs. | |
| JUAN NUNEZ, | |
| Defendant. | |

Jill H. Ford ("Plaintiff" or "Trustee"), by and through her attorneys, Witthoft Derksen, P.C., as and for her complaint against Juan Nunez ("Debtor" or "Defendant"), alleges as follows:

# GENERAL ALLEGATIONS
## JURISDICTION AND VENUE

1. This adversary proceeding is brought in connection with the above-captioned case pending under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1334, 151 and 157 and General Order No. 01-15 of the United States District Court of the District of Arizona and 11 U.S.C. § 727.

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This is a core proceeding under 28 U.S.C. § 157(b).

5. Pursuant to Fed.R.Bankr.P. 7001, proceedings to revoke a debtor's discharge are adversary proceedings governed by Part VII of the Bankruptcy Rules.

6. The Trustee is permitted to bring this adversary action on behalf of the estate, pursuant to Fed.R.Bankr.P. 6009.

## GENERAL ALLEGATIONS

7. On September 25, 2013 ("Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

8. Ms. Ford is the duly appointed Chapter 7 trustee of Debtor's bankruptcy case.

9. After the Petition Date, Debtor received a 2013 Federal tax refund in the amount of $2,738 and a 2013 State tax refund in the amount of $455.

10. Based on the Petition Date, $2,344.30 of the 2013 Federal and State tax refunds (the "2013 Tax Refunds") received by the Debtor are property of the estate.

11. As of the Petition Date, Debtor was entitled to nonexempt wages in the amount of $53.29 (the "Nonexempt Wages").

12. The Nonexempt Wages are property of the estate.

13. Despite prior demand for turnover, Debtor did not turn over the 2013 Tax Refunds or the Nonexempt Wages to the Trustee.

14. The Trustee filed a *Motion for Turnover of Bankruptcy Estate Property, Pursuant to 11 U.S.C § 542* on November 17, 2014 at Docket No. 25 (the "Turnover Motion") to compel the Debtor to turnover the 2013 Tax Refunds ($2,344.30) and the Nonexempt Wages ($53.29) to the Trustee.

15. After filing the Turnover Motion, the Debtor agreed to turnover the 2013 Tax Refunds ($2,344.30) and the Nonexempt Wages ($53.29) to the Trustee. The parties filed a *Joint Motion to Approve Settlement, Pursuant to Fed.R.Bankr.P. 9019* on November 25, 2014 at Docket No. 29.

16. On January 7, 2015, the Court entered the *Order Approving Motion to Approve Settlement, Pursuant to Fed.R.Bankr.P. 9019* at Docket No. 35 ("Order").

17. Pursuant to the Order Debtor is required to pay $2,497.59 (the "Settlement Amount") to the Trustee, in monthly installments of $240.00 commencing on January 17, 2015, and on the seventeenth (17th) day of each month thereafter, to October 17, 2015, at which time the entire Settlement Amount shall be paid in full.

18. The Debtor failed to pay the $240.00 monthly installments of the Settlement Amount that were due on April 17, 2015, May 17, 2015, June 17, 2015, July 17, 2015 and August 17, 2015, pursuant to the Order.

19. Trustee's counsel has contacted Debtor's counsel multiple times advising that Debtor is in default under the Order for failure to pay and demanding cure.

20. The Debtor failed to comply with the Order, because the Debtor has not paid any of the monthly installments of the Settlement Amount since March 2015.

**COUNT ONE**

**THE DEBTOR'S DISCHARGE SHOULD BE REVOKED**

**[11 U.S.C. § 727(d)(3)]**

21. The Trustee incorporates by reference all the allegations contained in the preceding paragraphs above as though fully set forth herein.

22. Pursuant to 11 U.S.C. § 727(d)(3), the Court shall revoke a debtor's discharge if a debtor has refused to obey any lawful order of the Court.

23. Debtor has not paid the $240.00 monthly installments of the Settlement Amount that were due on April 17, 2015, May 17, 2015, June 17, 2015, July 17, 2015 and August 18, 2015, pursuant to the Order.

24. The Debtor has failed to comply with this Court's Order by not paying the monthly installments of the Settlement Amount when they were due.

25. Accordingly, Debtor's discharge should be revoked, pursuant to 11 U.S.C. § 727 (d)(3).

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests the Court enter judgment against the Debtor as follows:

A. Revoking Debtor's discharge, pursuant to 11 U.S.C. § 727 (d)(3); and

B. For such other and further relief as the Court deems just and proper under the circumstances of this case.

Respectfully submitted this 25th day of August, 2015.

**WITTHOFT DERKSEN, P.C.**

By /s/ Patrick T. Derksen        #023178
    Patrick T. Derksen
    Theodore P. Witthoft
    Attorneys for Jill H. Ford, Trustee