Patrick T. Derksen (State Bar I.D. No. 023178)
Theodore P. Witthoft (State Bar I.D. No. 021632)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: pderksen@wdlawpc.com
Email: twitthoft@wdlawpc.com

Attorneys for Chapter 7 Trustee, Jill H. Ford

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JUAN NUNEZ, | Case No. 2:13-bk-16770-EPB |
| Debtor. | Adversary No. 2:15-ap-00696-EPB |
| JILL H. FORD, Chapter 7 Trustee, | |
| Plaintiff, | **TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT** |
| vs. | |
| JUAN NUNEZ, | |
| Defendant. | |

The plaintiff and Chapter 7 trustee, Jill H. Ford ("Plaintiff" or "Trustee"), by and through her attorneys, Witthoft Derksen, P.C., hereby submits her Application ("Application") for Entry of Default against Defendant Juan Nunez ("Debtor" or "Defendant"). This Application is supported by the accompanying Memorandum of Points and Authorities.

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

1. This adversary proceeding is brought in connection with the above-captioned case pending under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1334, 151 and 157 and General Order No. 01-15 of the United States District Court of the District of Arizona and 11 U.S.C. § 727. Venue is proper pursuant to 28 U.S.C. § 1409(a). This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Fed.R.Bankr.P. 7001, proceedings to revoke a Debtor's discharge are adversary proceedings governed by Part VII of the Bankruptcy Rules. The Trustee is permitted to bring this adversary action on behalf of the estate, pursuant to Fed.R.Bankr.P. 6009.

3. On September 25, 2013 ("Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. After the Petition Date, Debtor received a 2013 Federal tax refund in the amount of $2,738 and a 2013 State tax refund in the amount of $455.

5. Based on the Petition Date, $2,344.30 of the 2013 Federal and State tax refunds (the "2013 Tax Refunds") received by the Debtor are property of the estate

6. As of the Petition Date, Debtor was entitled to nonexempt wages in the amount of $53.29 (the "Nonexempt Wages").

7. The Nonexempt Wages are property of the estate.

8. Despite prior demand for turnover, Debtor did not turn over the 2013 Tax Refunds or the Nonexempt Wages to the Trustee.

9. The Trustee filed a *Motion for Turnover of Bankruptcy Estate Property, Pursuant to 11 U.S.C § 542* on November 17, 2014 at Docket No. 25 (the "Turnover Motion") to compel the Debtor to turnover the 2013 Tax Refunds ($2,344.30) and the Nonexempt Wages ($53.29) to the Trustee.

10. After filing the Turnover Motion, the Debtor agreed to turnover the 2013 Tax Refunds ($2,344.30) and the Nonexempt Wages ($53.29) to the Trustee. The parties filed a *Joint Motion to Approve Settlement, Pursuant to Fed.R.Bankr.P. 9019* on November 25, 2014 at Docket No. 29.

11. On January 7, 2015, the Court entered the *Order Approving Motion to Approve Settlement, Pursuant to Fed.R.Bankr.P. 9019* at Docket No. 35 ("Order").

12. Pursuant to the Order Debtor is required to pay $2,497.59 (the "Settlement Amount") to the Trustee, in monthly installments of $240.00 commencing on January 17, 2015, and on the seventeenth (17th) day of each month thereafter, to October 17, 2015, at which time the entire Settlement Amount shall be paid in full.

13. The Debtor failed to pay the $240.00 monthly installments of the Settlement Amount that were due on April 17, 2015, May 17, 2015, June 17, 2015, July 17, 2015 and August 17, 2015, pursuant to the Order.

14. Trustee's counsel has contacted Debtor's counsel multiple times advising that Debtor is in default under the Order for failure to pay and demanding cure.

15. The Debtor failed to comply with the Order, because the Debtor has not paid any of the monthly installments of the Settlement Amount since March 2015.

16. Pursuant to 11 U.S.C. § 727(d)(3), the Court shall revoke a Debtor's discharge if a Debtor has refused to obey any lawful order of the Court.

17. Debtor has not paid the $240.00 monthly installments of the Settlement Amount that were due on April 17, 2015, May 17, 2015, June 17, 2015, July 17, 2015 and August 18, 2015, pursuant to the Order.

18. The Debtor has failed to comply with this Court's Order by not paying the monthly installments of the Settlement Amount when they were due.

19. Accordingly, Debtor's discharge should be revoked, pursuant to 11 U.S.C. § 727(d)(3).

20. On August 25, 2015, the Trustee filed a Complaint (the "Complaint") against Debtor for revocation of Debtor's discharge, pursuant to 11 U.S.C. § 727.

21. The Court issued a Summons ("Summons") for Debtor on August 26, 2015.

22. On August 28, 2015, service of Plaintiff's Summons and Plaintiff's Complaint were made pursuant to Rule 7004(b)(7), Federal Rules of Bankruptcy Procedure, by sending a copy of the Summons and the Complaint via certified mail, return receipt requested, to the Debtor and his counsel at the addresses listed in the Affidavit of Service filed in this adversary proceeding at Docket No. 4.

23. As of September 28, 2015, Debtor has not filed an answer to the Complaint.

24. Pursuant to Bankruptcy Rule 7012, Debtor shall serve an answer within thirty days after the issuance of the Summons.

25. Plaintiff's service of the Summons and Complaint was proper pursuant to Bankruptcy Rule 7004(b)(7). Debtor had thirty days under this statute to file an answer and that time has passed.

26. To comply with the requirements of 50 U.S.C. § 520, the undersigned verifies that Debtor is not in the military service and that the provisions of the Soldiers' and Sailors' Civil Relief Act do not apply. In the event that the undersigned cannot verify that Debtor is not in the military service, the undersigned has filed herewith an Affidavit of Non-Military Service, executed by a person who has knowledge of facts on which such verification may be made.

27. Given that Debtor failed to file an answer to the Complaint, Debtor is in default.

WHEREFORE, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure made applicable by Rule 7055 of the Federal Rules of Bankruptcy Procedure, the Trustee seeks entry of judgment by default against Defendant Juan Nunez.

Respectfully submitted this 28th day of September, 2015.

**WITTHOFT DERKSEN, P.C.**

|   |   |
|---|---|
| 1 | By /s/ Patrick T. Derksen    #023178 |
| 2 |     Patrick T. Derksen |
|   |     Theodore P. Witthoft |
| 3 |     Attorneys for Jill H. Ford, Trustee |

| | |
|---|---|
| 1 | Copy of the foregoing *e-mailed/mailed |
| 2 | this 28th day of September, 2015, to: |
| 3 | *Larry Watson |
| | United States Trustee |
| 4 | 230 North First Avenue, Suite 204 |
| | Phoenix, Arizona  85003-1706 |
| 5 | Larry.Watson@usdoj.gov |
| 6 | *Jill H. Ford |
| | P. O. Box 5845 |
| 7 | Carefree, Arizona  85377 |
| | Chapter 7 Trustee |
| 8 | jford@trustee.phxcoxmail.com |
| 9 | Juan Nunez |
| | 4112 N. 106th Dr. |
| 10 | Phoenix, Arizona 85037 |
| 11 | Debtor |
| 12 | *Joshua Blake Mayes |
| 13 | Mayes Telles PLLC |
| | 3770 N. 7th Street, Suite 100 |
| 14 | Phoenix, Arizona 85014 |
| 15 | Attorney for Debtor |
| | martha@mayestelles.com |
| 16 | |
| 17 | /s/ Aimee Bourassa |